APPEAL by plaintiffs from an order vacating an order there-tofore obtained by them by default referring the issues to a referee to hear and determine the same.

*Henry Grasse,* for plaintiffs (appellants).

*Stephen C. Baldwin,* for defendant (respondent).

FREEDMAN, J.   Upon their complaint the plaintiffs seek to recover from the defendant the amount of certain over payments made by the plaintiffs to the defendant on account of labor and services rendered, and obtained by the defendant by means of deceit and false and fraudulent representations. The cause of action thus set forth is not referable, and that being so the defendant's answer cannot make it referable. Moreover, the reply shows that the counterclaim set up in the answer does not involve the examination of a long account.

The order should be affirmed, with ten dollars costs and disbursements.

GEIGERICH, J., concurs.
Order affirmed, with costs.

---

EHRLICH *v.* ADAMS et al.

APPEAL by plaintiff from judgment dismissing complaint.

*Isaac L. Sink,* for plaintiff (appellant).

*John J. Adams* (*Melville H. Regensburger,* of counsel), for defendants (respondents).

*Per Curiam.*   The action was brought to recover a certain sum as damages for the alleged breach of a contract of employment.   To recover the plaintiff was bound to establish the contract sued upon.   The letter of January 27, 1891, written by the defendants to the plaintiff, was a mere offer which had to be accepted before it became binding.   In fact this was

stated therein in express terms. Nothing passed between the parties which can be construed as an oral acceptance, and no competent proof was given of the delivery to the defendants of the letter, which, according to plaintiff's contention, contained the only notice of acceptance which was given. The subsequent conduct of the parties is consistent with some other arrangement which may have been made. The plaintiff, therefore, failed to prove the cause of action alleged in the complaint.

The record discloses no error, and the judgment should be affirmed, with costs.

Judgment affirmed, with costs.